UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRYL WILLIAM YOUNG, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C05-1746-RSL-MJB |
| ) | |
| v. ) | |
| ) | |
| ROB MCKENNA, *et al.*, ) | REPORT & RECOMMENDATION |
| ) | |
| Respondents. ) | |
| _____) | |

## INTRODUCTION

Petitioner is a federal prisoner who has filed a *pro se* petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by Washington State. (Doc. #8). Respondents have filed a motion to dismiss, on the ground that the petition raises an issue already addressed by the court in a previous petition brought by petitioner. (Doc. #12). Having reviewed the briefs filed by the parties, and the balance of the record, the court recommends that the current petition be dismissed as successive.

## PROCEDURAL HISTORY[1]

On October 17, 2005, petitioner submitted the instant petition pursuant to 28 U.S.C. §

---

[1] A detailed summary of the facts surrounding petitioner's convictions in both state and federal court may be found in the Report and Recommendation issued in *Young v. Hood, et al.*, Case No. C02-10-BJR (W.D. Wash.). Those facts are not relevant to the disposition of the instant petition and therefore are not repeated here.

REPORT & RECOMMENDATION
PAGE 1

2241. (Doc. #1). After resolving a clerical error regarding petitioner's *in forma pauperis* application, the court directed that petitioner's § 2241 petition be served on respondents. (Doc. #7). On January 6, 2006, respondents filed a motion to dismiss the petition as successive. (Doc. #12). On January 17, 2006, petitioner responded by filing a single document that included a motion to strike respondents' motion to dismiss and also a motion for summary judgment. (Doc. #13). On January 25, 2006, respondents filed a response to plaintiff's motions. (Doc. #14). The matter is now ready for review.

## DISCUSSION

Petitioner is currently serving a federal sentence for bank robbery, but also has an unfinished sentence originating from state court. (Doc. #12 at 2). To ensure that he serves the rest of his state sentence, the State of Washington has lodged a detainer against him with the federal authorities. Petitioner argues here that he has actually already served his state sentence because it ran concurrently with his federal sentence, and the detainer consequently violates his constitutional rights. (Doc. #8 at 2).

Respondents argue in their motion to dismiss that petitioner has raised this issue before, and that the instant habeas petition is therefore successive. If a habeas petition is successive, then certain "gatekeeping" requirements apply and the district court is without jurisdiction to consider the petition until the Ninth Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A); Circuit Rule 22-3.

Upon review of the record, it appears that respondents' argument is correct. In 2002, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this court, challenging, among other things, the detainer that he seeks to challenge here. *See Young v. Hood, et al.*, Case No. C02-10-BJR. Then-Magistrate Judge Ricardo S. Martinez issued a 17-page Report and Recommendation addressing petitioner's claims, including the claim that the Washington detainer was invalid. (Case No. C02-10-BJR, Doc. #12 at 16-17). The Honorable Barbara Jacobs Rothstein adopted the Report and Recommendation and denied the petition on September 20, 2002. (Doc. #17).

REPORT & RECOMMENDATION
PAGE 2

In 2004, petitioner again attacked the validity of the detainer by filing a second petition in federal court, this time under 28 U.S.C. § 2241.  *See Young v. Daniels*, Case No. C04-1344-MAT (W.D. Wash.).  Magistrate Judge Mary Alice Theiler found that the petition, although styled a § 2241 petition, was actually a § 2254 petition.  (Case No. C04-1344-MAT, Doc. #18 at 4).  Because petitioner had already challenged the detainer in a previous § 2254 petition, Judge Theiler concluded that The Court lacked jurisdiction to consider the petition and dismissed it.[2]

In response to respondents' argument, petitioner filed a motion to strike respondents' motion to dismiss and, in the same document, a motion for summary judgment.  (Doc. #13).  In his motion to strike, petitioner argues that § 2241 is the proper vehicle for challenging the detainer because he is challenging the execution of the state court judgment, and not the judgment itself.  (*Id*. at 2).

Judge Theiler rejected a similar argument and based her analysis on the Ninth Circuit decision in *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004).  As Judge Theiler noted, *Lambert* clearly held that "'§ 2254 is the *exclusive* avenue for a state court prisoner to challenge the constitutionality of his detention,' even when the petition challenges only the execution of the sentence and not the judgment and sentence itself." (Case No. 04-1344-MAT, Doc. #18 at 4).  Applying *Lambert*, Judge Theiler concluded that "[w]hile petitioner is not currently in custody pursuant to a judgment of a state court, petitioner is seeking a determination in these proceedings that the state custody he will be subject to in the future is unconstitutional.  Because the basis of his constitutional challenge is a state court judgment, § 2254 is his exclusive avenue of relief." (*Id*.)

Petitioner does not present any new authority or argument that undermines previous analysis under the holding of *Lambert*.  Thus, it appears that the instant petition is properly

---

[2] Judge Theiler had authority to dismiss the petition, as opposed to issuing a Report and Recommendation, because the parties had consented to have the matter decided by a magistrate judge instead of a district judge.  (Doc. #17 in Case No. C04-1344).

REPORT & RECOMMENDATION
PAGE 3

construed as a § 2254 petition. Because this is petitioner's third such petition attacking the detainer lodged against him and because this claim has previously been adjudicated, the petition must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.") (Emphasis added).

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be construed as a petition pursuant to 28 U.S.C. § 2254 and dismissed for lack of jurisdiction. Petitioner's pending motion for summary judgment may be denied as moot. A proposed Order is attached.

DATED this 6th day of February, 2006.

MONICA J. BENTON
United States Magistrate Judge